UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:                                     :
                                           :
LAWRENCE E. LEONARD, JR.,                  :   Case No. 19-2-0351-WL
                                           :   Chapter 13
                        Debtor.            :
                                           :

**TRUSTEE'S OBJECTION TO DEBTOR'S
CHAPTER 13 PLAN DATED SEPTEMBER 6, 2019**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan dated September 6, 2019 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on August 1, 2019. The Plan proposes to pay $100.00 for month 1 and the sum of $680.00 monthly for months 2 through 60, for a gross funding of $40,220.00.

2. The Debtor has failed to provide documentation supporting income listed on Schedule I of $5,112.00 per month for take-home pay as requested by the Trustee at the meeting of creditors. Accordingly, the Trustee cannot determine whether the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

3. The Debtor has failed to provide the Domestic Support Obligation Affidavit and to amend the 2018 tax returns as requested by the Trustee. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

4. The Plan proposes to avoid the lien of St. James at Accokeek. The Debtor has failed to take any affirmative action to effectuate the lien avoidance.

5. The Plan proposes to avoid the lien of the MD Comptroller. The Debtor has failed to take any affirmative action to effectuate the lien avoidance.

6. The Debtor has not adequately proved ownership and the market value of scheduled real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

7. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

               Respectfully submitted,

September 24, 2019         /s/ Timothy P. Branigan
              Timothy P. Branigan (Fed. Bar No. 06295)
              Chapter 13 Trustee
              9891 Broken Land Parkway, #301
              Columbia, Maryland 21046
              (410) 290-9120

- 3 -

**Certificate of Service**

      I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Alon Nager, Esq.

I caused a copy of the pleading above to be sent on September 24, 2019 by first-class U.S. mail, postage prepaid to:

Lawrence E. Leonard, Jr.
14501 Sareen Way
Accokeek, MD  20607

                                        /s/ Timothy P. Branigan
                               Timothy P. Branigan (Fed. Bar No. 06295)